## Ellenberger Estate

*George W. McKee,* for petitioner.

*Richard Woodcock,* for guardian ad litem.

SWOPE, P. J., October 17, 1968.—We have before us separate petitions of the trustees of two trusts for authorization to pay a portion of the income distributable to a now incompetent beneficiary of the trusts to his mother. We will address ourselves herein to both petitions and will dispose of them together. After hearing in the matter, those facts which are pertinent to our inquiry appear as follows:

Both trusts were created by John Wesley Ellenberger, now deceased, the grandfather of the incompetent beneficiary. One trust was created in his will, the terms of which directed that the income was first to be paid to his son, Robert Baskin Ellenberger, and thereafter to Robert's children, then living, and their descendants. The second is an inter vivos trust, by a deed dated April 3, 1926, the provisions of which directed the payment of income after the death of settlor's son, Robert Baskin Ellenberger, to his children

and their issue in a manner similar to that which was provided in the testamentary trust. On November 13, 1967, Robert Baskin Ellenberger died, leaving as issue two sons, the incompetent, John W. Ellenberger, and his brother, Robert.

John W. Ellenberger, the incompetent beneficiary, is presently 45 years of age. On December 2, 1944, he was committed to the Harrisburg State Hospital for treatment as a mental patient and on March 27, 1947, was transferred to the Veterans' Hospital at Coatesville where he has remained until the present time. He will probably require hospitalization or nursing home care for the remainder of his life. The Veterans' Administration presently furnishes the hospitalization, medical needs and maintenance of the incompetent. In addition, he receives monthly social security payments of $55 and has a bank balance in excess of $1,100. His expenses are limited to $250 to $300 a year for clothing and personal items. There are no debts or claims against either the incompetent or the trusts. In 1967, the income from the testamentary trust was $4,757 while the inter vivos trust produces approximately $2,200 a year. Thus, the total of the incompetent's one-half share from both trusts is approximately $3,478.50 a year.

The incompetent's widowed mother, Mrs. Hilma M. Ellenberger, who is 75 years old, suffers from numerous ailments mostly attributable to her advanced age. She has heavy medical bills, subscribes to a special diet, and needs outside help with her housework. Her income is about $4,900 a year, but her total living and household expenses approximate $7,900 a year. In the five months prior to the trustee's petition, Mrs. Ellenberger's other son, Robert, contributed $36 a month to his mother's support.

It is suggested in the petitions that all but $250 of the trust income presently payable to John W. Ellen-

berger should be paid, instead, to his mother for her care and maintenance under the provisions of the Mental Health Act of July 11, 1957, P. L. 794, 50 PS §3643. We note that this section is expressly applicable only where no guardian has been appointed for the estate of the incompetent. We note further that Item Eight of settlor's will provides that the trustees named therein shall "act as testamentary guardians for any beneficiary . . . (who) may not be competent to act". We are satisfied that this testamentary designation renders the above section 3643 inapplicable to the instant case.

We are convinced, however, that some distribution of trust income may nevertheless be permitted in the case at hand pursuant to the authority contained in the Mental Health Act of July 11, 1957, P. L. 794, 50 PS §3644, which provides in part:

"The court, for cause shown, may authorize or direct the payment or application of any or all of the income or principal of the estate of an incompetent for the care, maintenance or education of the incompetent, his spouse, children or those for whom he was making such provision before his incompetency. . . ."

Under this section, a distribution of income from the estate of an incompetent may be authorized or directed by the court if first, cause can be shown, and second, the suggested recipient is either the incompetent, his spouse or child, or one for whom he was making provision prior to his incompetency. We are satisfied that both requirements can be met in the record before us. Mrs. Ellenberger is a woman of advanced age and has recently been deprived of a major source of support by reason of the death of her husband. In addition, her heavy medical and household expenses place an undue burden on her limited income. Secondly, the record establishes that prior to his incompetency, John W. Ellenberger was providing a

measure of support in order to maintain his mother in her own home, a situation which could reasonably have been expected to continue but for his ensuing incapacity.

Having determined that a present distribution of income to the mother may properly be made, we must next determine what portion of the income may be so distributed consistent with the needs of the incompetent beneficiary. Presently, and so long as John W. Ellenberger remains a patient at the Veteran's Hospital his needs, as established in our record, will be limited to approximately $25 a month for personal and clothing incidentals. However, the record also indicates that there is a great likelihood that sometime in the future it will be necessary to transfer him to a private nursing home where his expenses will be increased considerably. In light of this contingency, we will not permit any distribution of income to Mrs. Ellenberger which will leave her son with only so much money as is necessary to sustain him in his present circumstances. We remain mindful that in matters such as this our primary responsibility is to see to the future as well as the present best interests of the incompetent.

Accordingly, we make the following

## ORDER

And now, October 17, 1968, the petitions of the trustees for leave to make distributions from the trust income of John W. Ellenberger, incompetent, are hereby granted, subject to the following condition: So long as John W. Ellenberger, the incompetent beneficiary, remains a patient at a United States Veteran's Hospital, the National Bank & Trust Company of Central Pennsylvania, trustee of the inter vivos trust created by John W. Ellenberger, deceased, and the Dauphin Deposit Trust Company, trustee of the testamentary

trust created by John W. Ellenberger, deceased, are authorized and directed to each pay to Hilma M. Ellenberger $50 per month, and in the event that John W. Ellenberger, the incompetent beneficiary, is placed in a private nursing home, said trustees are thereafter to each pay to Hilma M. Ellenberger the reduced amount of $25 per month, said payments to continue indefinitely during the lifetime of Hilma M. Ellenberger and so long as John W. Ellenberger remains entitled to income as a beneficiary under said trusts or until further order of court.